**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

ANTHONY REDDING,

            Petitioner,    :    Case No. 2:21-cv-3882

  - vs -                          District Judge Sarah D. Morrison
                                        Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  London Correctional Institution,

                                      :

            Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought by Petitioner Anthony Redding under 28 U.S.C. § 2254 with the assistance of counsel is before the Court for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 4), and the Return of Writ (ECF No. 5). Petitioner's deadline for filing a reply (September 28, 2021) has passed without any such filing. The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 6).

**Litigation History**

On March 1, 2018, the Union County Grand Jury indicted Redding on one count of felonious assault in violation of Ohio Revised Code § 2903.11(A)(1), (D)(1)(a), a second degree felony, with a repeat-violent-offender specification under Ohio Revised Code § 2941.149(A).

1

*State v. Redding*, 2019-Ohio-5302 ¶ 3 (Ohio App. 3d Dist. Dec. 23, 2019). On September 19, 2018[1], a trial jury found him guilty of felonious assault. That same day, the trial court determined that Redding is a repeat violent offender as alleged by the specification in the indictment. The trial court sentenced Redding to eight years in prison on Count One and ten years in prison on the repeat-violent-offender specification, and ordered that Redding serve the terms consecutively for an aggregate sentence of eighteen years. *Id.* at ¶ 4.

The Third District allowed Redding a delayed appeal but affirmed the convictions and sentence. *Id.* at ¶ 26. The Supreme Court of Ohio declined to exercise appellate jurisdiction. *State v. Redding*, 158 Ohio St.3d 1467 (2020). Redding filed a timely Application to reopen the appeal, claiming he received ineffective assistance of appellate counsel when two specific assignments of error were omitted (Application, State Court Record, ECF No. Ex. 16). The Third District denied the Application (*Id.* at Ex. 18) and Redding did not appeal to the Supreme Court of Ohio.

Redding's counsel filed his habeas corpus Petition in this Court on July 2, 2021, pleading the following grounds for relief:

> **Ground One**: Redding received ineffective assistance of counsel because his attorney failed to object to inadmissible, irrelevant, and prejudicial evidence that he had previous arrests.
>
> **Ground Two**: Petitioner received ineffective assistance of counsel because his attorney failed to object to inadmissible, irrelevant and prejudicial evidence that Redding has scratched profane words into [S.S.'s] door.

(Petition, ECF No. 1, PageID 4, 8). Respondent concedes that these two Grounds for Relief were fairly presented to the Third District on direct appeal (Return, ECF No. 5, PageID 211).

---

[1] Judge Zimmerman's opinion has the date as September 19, 2019, but that is plainly a typographical error.

## Analysis

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The Third District decided Redding's claims of ineffective assistance of trial counsel on the merits, holding:

> {¶9} On appeal, Redding argues that his trial counsel was ineffective for failing to object to certain "other acts" evidence that he contends was inadmissible under the Ohio rules of evidence. Specifically, Redding argues that his trial counsel was ineffective for failing to object to testimonial evidence presented by Sergeant Nathan Sachs ("Sergeant Sachs") and Officer Jacob Smith ("Officer Smith") of the Marysville Police Department "suggest[ing] to the jury that [he] had a criminal history." (Appellant's Brief at 6). Redding also argues that his trial counsel was ineffective for failing to object to irrelevant and prejudicial testimonial evidence presented by S.S. that he "allegedly scratched profane and misogynistic words into [her] door * * * ." (*Id.* at 12).
>
> {¶10} "The 'failure to object to error, alone, is not enough to sustain a claim of ineffective assistance of counsel.' " *Liles* at ¶ 49, quoting *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, ¶ 139, citing *State v. Holloway*, 38 Ohio St.3d 239, 244 (1988). "To prevail on such a claim, a defendant must first show that there was a substantial violation of any of defense counsel's essential duties to his client and, second, that he was materially prejudiced by counsel's ineffectiveness." *Holloway* at 244, citing *Lytle*, 48 Ohio St.2d at 396-397 and *Strickland*, 466 U.S. at 668. "Because 'objections tend

to disrupt the flow of a trial,and are considered technical and bothersome by the fact-finder,' competent counsel may reasonably hesitate to object in the jury's presence." *State v. Campbell*, 69 Ohio St.3d 38, 53 (1994), quoting Jacobs, *Ohio Evidence*, at iii-iv (1989).

{¶11} " 'Generally, evidence which tends to show that the accused has committed other crimes or acts independent of the crime for which he stands trial is not admissible to prove a defendant's character or that the defendant acted in conformity therewith.' " *State v. Wendel*, 3d Dist. Union No. 14-16-08, 2016-Ohio-7915, ¶ 21, quoting *State v. Hawthorne*, 7th Dist. Columbiana No. 04 CO 56, 2005-Ohio-6779, ¶ 24, citing *State v. Elliott*, 91 Ohio App.3d 763, 770 (3d Dist.1993) and Evid.R. 404. " 'However, there are exceptions to the general rule: "It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." ' " *State v. Bagley*, 3d Dist. Allen No. 1-13-31, 2014-Ohio-1787, ¶ 56, quoting *State v. May*, 3d Dist. Logan No. 8-11-19, 2012-Ohio-5128, ¶ 69, quoting Evid.R. 404(B). *See also* R.C. 2945.59. " 'The list of acceptable reasons for admitting testimony of prior bad acts into evidence is non-exhaustive.' " *Bagley* at ¶ 56, quoting *State v. Persohn*, 7th Dist. Columbiana No. 11 CO 37, 2012-Ohio-6091, ¶ 23, citing *State v. Melton*, 11th Dist. Lake No. 2009-L-078, 2010-Ohio-1278, ¶ 78, and citing *State v. Faye*, 3d Dist. Wyandot Nos. 16-99-08 and 16-99-09, 2000 WL 566741, *4 (May 4, 2000).

{¶12} Evidence of other acts is generally admissible if it is offered for a purpose other than to prove the character of a person in order to show action in conformity with that character; it is relevant when offered for that purpose; and the danger of unfair prejudice does not substantially outweigh its probative value. *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, ¶ 68, citing *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, ¶ 20 and Evid.R. 401, 403, and 404(B). Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. "Under Evid.R. 403(A), '[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.' " *State v. Velez*, 3d Dist. Putnam No. 12-13-10, 2014-Ohio-1788, ¶ 122, quoting *State v. Maag*, 3d Dist. Hancock Nos. 5-03-32 and 5-03-33, 2005-Ohio-3761, ¶ 71. " 'Unfair prejudice is that quality of evidence which might result in an improper basis for a jury decision.' " *Id.*,

4


quoting *State v. Calhoun*, 11th Dist. Ashtabula No. 2010-A-0057, 2012-Ohio-1128, ¶ 82.

{¶13} Even if we assume without deciding that the criminal-history and door-vandalism evidence was inadmissible, Redding's ineffective-assistance-of-trial-counsel argument fails because there is *no* reasonable probability that, but for the admission of that evidence, he would have been acquitted on the grounds that he acted in self-defense. " 'Self-defense is an affirmative defense, which means that the burden of going forward is on the defendant who must prove each element by a preponderance of the evidence.' "[1] *State v. Oates*, 3d Dist. Hardin No. 6-12-19, 2013-Ohio-2609, ¶ 10, quoting *State v. Kimmell*, 3d Dist. Wyandot No. 16-10-06, 2011-Ohio-660, ¶ 19, citing *State v. Densmore*, 3d Dist. Henry No. 7-08-04, 2009-Ohio-6870, ¶ 24 and R.C. 2901.05 (2008) (current version at R.C. 2901.05 (2019)). "Affirmative defenses such as self-defense ' "do not seek to negate any elements of the offense which the State is required to prove" but rather they "admit[ ] the facts claimed by the prosecution and then rel[y] on independent facts or circumstances which the defendant claims exempt him from liability." ' " *Id.* at ¶ 10, quoting *State v. Smith*, 3d Dist. Logan No. 8-12-05, 2013-Ohio-746, ¶ 32, quoting *State v. Martin*, 21 Ohio St.3d 91, 94 (1986).

{¶14} "The elements of self-defense differ depending on whether the defendant used deadly or non-deadly force to defend himself." *Bagley*, 2014-Ohio-1787, at ¶ 15, citing *Densmore* at ¶ 25. "Deadly force is ' "any force that carries a substantial risk that it will proximately result in the death of any person." ' " *Id.*, quoting *Densmore* at ¶ 28, quoting R.C. 2901.01(A)(2) (2017) (current version at R.C. 2901.01(A)(2) (2019)). A "substantial risk" is "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(8) (2017) (current version at R.C. 2901.01(A)(8) (2019)).

> To establish self-defense through the use of deadly force, an accused must prove: "(1) the accused was not at fault in creating the situation giving rise to the affray; (2) the accused had a bona fide belief that he or she was in imminent danger of death or great bodily harm and that the only means of escape from such danger was in the use of force; and (3) the accused must not have violated any duty to retreat or to avoid the danger."

*Bagley* at ¶ 16, quoting *State v. Thacker*, 3d Dist. Marion No. 9-03-37, 2004-Ohio-1047, ¶ 14, citing *State v. Williford*, 49 Ohio St.3d 247, 249 (1990) and *State v. Robbins*, 58 Ohio St.2d 74 (1979), paragraph two of the syllabus.

{¶15} By contrast, to establish self-defense through the use of non-deadly force, an accused must prove: (1) the accused was not at fault in creating the situation giving rise to the affray, (2) the accused (even if mistaken) had a bona fide belief that he was in imminent danger of any bodily harm; and (3) the only means to protect himself from such danger was the use of force not likely to cause death or great bodily harm. *Accord State v. Vu*, 10th Dist. Franklin No. 09AP-606, 2010-Ohio-4019, ¶ 10; *State v. Juntunen*, 10th Dist. Franklin No. 09AP-1108, 2010-Ohio-5625, ¶ 21; *Ohio Jury Instructions*, CR Section 421.21 (Rev. Aug. 16, 2006). *See In re J.J.*, 5th Dist. Licking No. 16 CA 44, 2016-Ohio-8567, ¶ 14; *State v. Koch*, 2d Dist. Montgomery No. 28000, 2019-Ohio-4099, ¶ 62; *State. v. Jeffers*, 11th Dist. Lake No. 2007-L-011, 2008-Ohio-1894, ¶ 81. *See also State v. Wagner*, 3d Dist. Seneca No. 13-15-18, 2015-Ohio-5183, ¶ 10. "In instances where less than deadly force is used, the defendant need only show a fear of bodily harm, not of death or great bodily harm." *State v. Brown*, 2d Dist. Montgomery No. 27312, 2017-Ohio-7424, ¶ 24, citing *State v. Gee*, 2d Dist. Miami No. 87-CA-22, 1987 WL 20260, *2 (Nov. 17, 1987) and *State v. Perez*, 72 Ohio App.3d 468, 472 (10th Dist.1991).

> Both versions of self-defense, however, use the term "great bodily harm": self-defense involving deadly force uses the term to describe the level of harm the defendant must perceive before he or she is justified in using deadly force, while self-defense with non-deadly force uses the term to describe the level of force a defendant may not apply.

*Juntunen* at ¶ 23. *See Jeffers* at ¶ 68. Likewise, there is no duty to retreat in cases involving non-deadly force. *Brown* at ¶ 25, citing *State v. Kucharski*, 2d Dist. Montgomery No. 20815, 2005-Ohio-6541, ¶ 21, citing *Perez* at 472.

{¶16} Moreover, Ohio's "castle doctrine" creates an exception to the duty to retreat and provides, in its relevant part, that "a person who lawfully is in that person's residence has no duty to retreat before using force in self-defense, defense of another, or defense of that person's residence." *Brown* at ¶ 25, citing R.C. 2901.09(B). The legislature extended the castle doctrine under R.C. 2901.05. *State v. Kean*, 10th Dist. Franklin No. 17AP-427, 2019-Ohio-1171, ¶ 46, *citing State v. Carosiello*, 7th Dist. Columbiana No. 15 CO 0017,

6

2017-Ohio-8160, ¶ 17. R.C. 2901.05—the statutory presumption of self-defense—provides

> that a defendant is entitled to a presumption of self-defense if the evidence shows that the defendant used defensive force against another person who was "in the process of unlawfully and without privilege to do so entering, or ha[d] unlawfully and without privilege to do so entered" the defendant's residence.

*State v. Dale*, 2d Dist. Montgomery No. 2012 CA 20, 2013-Ohio-2229, ¶ 17, quoting R.C. 2901.05(B)(1) (2008) (current version at R.C. 2901.05(B)(2) (2019)). "This is a rebuttable presumption and may be rebutted by a preponderance of the evidence that the victim had a right to be in the residence or the defendant was unlawfully in the residence." *Id.*, citing *State v. Lewis*, 8th Dist. Cuyahoga No. 97211, 2012-Ohio-3684, ¶ 13, *State v. Barnette*, 12th Dist. Butler No. CA2012-05-099, 2013-Ohio-990, ¶ 57, and R.C. 2901.05(B)(2), (3) (2008) (current version at R.C. 2901.05(B)(3), (4) (2019)).

{¶17} " 'The difference between the Castle Doctrine and the rebuttable presumption of self-defense lies in the legal status of the victim.' " *Id.* at ¶ 18, quoting *State v. Lewis*, 8th Dist. Cuyahoga No. 97211, 2012-Ohio-3684, ¶ 18. Specifically, if the victim is lawfully in a residence at the time the defendant used deadly force, that defendant is not entitled to the statutory presumption of self-defense. *Id.*, citing *Lewis* at ¶ 19 and R.C. 2901.05(B)(1), (2) (2008) (current version at R.C. 2901.05(B)(2), (3) (2019)). However, in those circumstances, the defendant is entitled to a castle-doctrine instruction—if that defendant is lawfully occupying the residence at the time he or she used the force. *State v. Whitman*, 5th Dist. Stark No. 2017CA00079, 2018-Ohio-2924, ¶ 57, citing *Lewis* at ¶ 17-19 and *State v. Bushner*, 9th Dist. Summit No. 26532, 2012-Ohio-5996, ¶ 16. "Under such circumstances, the defendant need only establish the two remaining elements of a valid self-defense claim by a preponderance of the evidence * * * ." *Brown* at ¶ 25, citing *Dale* at ¶ 18 and *State v. Johnson*, 11th Dist. Lake No. 2005-L-03, 2006-Ohio-2380, ¶ 21.

{¶18} Because the elements of self-defense are cumulative, a defendant fails to demonstrate that he or she acted in self-defense if he fails to prove any one of the applicable elements by a preponderance of the evidence. *Bagley*, 2014-Ohio-1787, at ¶ 16, citing *Thacker*, 2004-Ohio-1047, at ¶ 14, citing *State v. Jackson*, 22 Ohio St.3d 281, 284 (1986).

{¶19} In this case, Redding was convicted of felonious assault in violation of R.C. 2903.11(A)(1), which required the trier of fact to find that he knowingly caused S.S. serious physical harm. *See Jeffers*, 2008-Ohio-1894, at ¶ 81, citing R.C. 2903.11(A)(1). Indeed, at trial, Redding did not dispute that he struck S.S. in her face one time, resulting in the loss of her left eye. (*See* Sept. 17, 2018 Tr., Vol. I, at 63); (Sept. 17, 2018 Tr., Vol. II, at 107); (Appellant's Brief at 1-2). Thus, to succeed on a defense of self-defense, Redding was required to prove that he acted in self-defense through the use of *non-deadly* force because "[a] single punch, standing alone, may *not* constitute deadly force." (Emphasis added.) *Jeffers* at ¶ 81, citing *Perez*, 72 Ohio App.3d at 470-472. *See State v. Davis*, 10th Dist. Franklin No. 17AP-438, 2018-Ohio-58, ¶ 25, citing *State v. Triplett*, 192 Ohio App.3d 600, 2011-Ohio-816, ¶ 14 (8th Dist.), *State v. Mendoza,* 10th Dist. Franklin No. 16AP-893, 2017-Ohio-8977, ¶ 91-94, *Perez* at 470, *State v. Palmer*, 10th Dist. Franklin No. 12AP-460, 2013-Ohio-5970, ¶15, and *Struthers v. Williams*, 7th Dist. Mahoning No. 07 MA 55, 2008-Ohio-6637, ¶ 14-16. *See also In re J.J.*, 2016-Ohio-8567, at ¶ 14-16.

{¶20} Importantly, Redding cannot demonstrate that he was materially prejudiced by the admission of *any* evidence because there is no reasonable probability that, but for the admission of that evidence, the result of his trial would have been different. That is, Redding cannot demonstrate that he would have been acquitted on the grounds that he acted in self-defense. Specifically, for Redding to succeed on a defense of self-defense through the use of non-deadly force, the trier of fact would have to find that Redding " 'was justified in using force not likely to cause death or *great bodily harm*.' " (Emphasis added.) *Jeffers* at ¶ 81, quoting *Ohio Jury Instructions*, CR Section 411.33 (Rev. Aug. 16, 2006) (current version at *Ohio Jury Instructions*, CR Section 421.21 (Rev. Aug. 16, 2006)). Although the term "great bodily harm" is not statutorily defined, Ohio courts of appeal have concluded that the term is substantially similar to "serious physical harm," which is statutorily defined. *See In re J.J.* at ¶ 15, citing *Juntunen*, 2010-Ohio-5625, at ¶ 22, *Jeffers* at ¶ 81, and *State v. Herrera*, 6th Dist. Ottawa No. OT-05-039, 2006-Ohio-3053, ¶ 53; R.C. 2901.01(A)(5) (2017) (current version at R.C. 2901.01(A)(5) (2019)). *See also State v. Bennett*, 2d Dist. Montgomery No. 27943, 2019-Ohio-2996, ¶ 48, fn. 6 (Froelich, J., dissenting).

{¶21} Accordingly, if the jury were to find that the force used by Redding was not likely to cause great bodily harm, that finding would be inconsistent with its prior determination that Redding knowingly caused S.S. serious physical harm. *See Jeffers* at ¶ 81;

> *Triplett* at ¶ 17, fn. 3 (Rocco, P.J., concurring in part and dissenting in part). Therefore, there is no reasonable probability that Redding would have been able to prove that he acted in self-defense through the use of non-deadly force because he is unable to prove that he used force *not* likely to cause death or great bodily harm. *See In re J.J.* at ¶ 14-16 (concluding that a defendant fails to carry his burden of proving that he acted in self-defense through the use of non-deadly force if he caused the victim serious physical harm). *See also Mendoza* at ¶ 91-94. Consequently, Redding's ineffective-assistance-of-counsel argument is without merit, and his first and second assignments of error are overruled.

*State v. Redding*, supra.

As the Third District recognized, the governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010), citing *Knowles v. Mirzayance*, 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the

9

> evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome." 466 U.S. at 694. See also *Darden v. Wainwright*, 477 U.S. 168, 184 (1986), citing *Strickland, supra.; Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), citing *Strickland, supra*; *Blackburn v. Foltz,* 828 F.2d 1177, 1180 (6th Cir. 1987), quoting *Strickland*, 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), quoting *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under Strickland, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes,* 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." Id., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. Id., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter,* 562 U.S. 86, 111-112 (2011).

Although there are two prongs to the *Strickland* test, courts may address only one prong if it is dispositive:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Strickland*, 466 U.S. at 697.

Rather than analyze whether trial counsel's failure to object was deficient performance, the Third District went to the second prong of *Strickland* and determined that Redding suffered no prejudice from the evidence not objected to. Redding admitted that he struck the victim in the face with force great enough to do great or serious bodily harm. That admission and the jury's finding of guilt on the felonious assault, which has as an element the infliction of serious bodily harm, made it impossible for him to prevail on his defense of self-defense. Therefore his claim that allowing the allegedly inadmissible evidence prejudiced him was inconsistent with Ohio law.

Petitioner argues in his Petition that the Third District's decision was "unreasonable." As to the First Ground for Relief, he argues:

> 18. Petitioner would argue that the Third District Court of Appeals decision was unreasonable. The state introduced evidence of prior criminal history. Specifically, that the police had dealt with the Petitioner before and that he had been unruly and violent in those interactions. There should have been an objection as there was no

11

> valid reason to allow this character evidence before the jury. Reasonable jurists could find that a series of prior, violent arrests did not meet the exceptions for allowing such character evidence into the trial.

(Petition, ECF No. 1, PageID 7). But has noted above, a federal habeas court does not review a state court decision on the merits of a federal constitutional claim to determine if it is "reasonable." Rather, the test is whether it involves an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). The Sixth Circuit has held: "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003), noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire.* 502 U.S. 62 (1991). Redding's First Ground is without merit because he has not shown it is an unreasonable application of *Strickland*.

Regarding his Second Ground for Relief, Redding argues in the Petition:

> 23. The Third District states that Petitioner cannot ever show prejudice by the inclusion of any evidence. Stated more plainly, it does not matter what evidence the state introduces because he would never be able to show he acted in self-defense. Following this analysis, if the state introduced the result of a polygraph test, and there was no objection, this would not be ineffective assistance. This is objectively unreasonable. There must be some evidence that if the state introduced it that it would trigger an ineffective assistance claim. A court cannot make an absolute statement and expect to escape scrutiny of the federal courts.

(Petition, ECF No. 1, PageID 10). This argument misstates what the Third District held. It did not hold that a failure to object to any and all evidence was exempt from *Strickland* scrutiny. Instead, it held admission of this evidence – obscene graffiti on the victim's door – was not prejudicial because Redding's admission of the use of force sufficient to cause serious physical harm was fatal, under Ohio law, to Redding's defense of self-defense. We cannot review whether

12

this was a correct interpretation of Ohio self-defense law. Rather we are bound by the Third District's interpretation of that law. *Bradshaw v. Richey*, 546 U.S. 74 (2005). Under Ohio law, Redding's admission that he used force which caused serious physical harm was logically incompatible with his claim that he acted with the force allowed for someone acting in self-defense in the circumstances he faced.

The Third District's decision on this claim is not an unreasonable application of *Strickland*.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge concludes the Third District's decision on these two ineffective assistance of trial counsel claims is entitled to deference under 28 U.S.C. § 2254(d)(1) and therefore the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 6, 2021.

<div style="text-align: right">

s/ *Michael R. Merz*
United States Magistrate Judge

</div>

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #