UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY REDDING,

        Petitioner,    :    Case No. 2:21-cv-3882

- vs -    District Judge Sarah D. Morrison
    Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  London Correctional Institution,

    :
        Respondent.

**OPINION AND ORDER**

This habeas corpus case, brought by Petitioner Anthony Redding under 28 U.S.C. § 2254 with the assistance of counsel, is before the Court on Petitioner's Objections (ECF No. 12) to the Magistrate Judge's Report and Recommendations (ECF No. 7), which Report recommended that the Petition be dismissed with prejudice..

A party affected adversely by a Magistrate Judge's report and recommendations is entitled to *de novo* review by a District Judge of any portion of the report to which substantial objection is made. The Court has conducted that review and its conclusions are embodied in this Opinion.

Petitioner pleaded two grounds for habeas corpus relief:

**Ground One**: Redding received ineffective assistance of counsel because his attorney failed to object to inadmissible, irrelevant, and prejudicial evidence that he had previous arrests.

**Ground Two**: Petitioner received ineffective assistance of counsel because his attorney failed to object to inadmissible, irrelevant and prejudicial evidence that Redding has scratched profane words into [S.S.'s] door.

1

(Petition, ECF No. 1, PageID 4, 8). As the Report noted, Respondent concedes that these two Grounds for Relief were fairly presented to the Third District on direct appeal. (Report, ECF No. 7, PageID 228, citing Return, ECF No. 5, PageID 211).

The Ohio Third District Court of Appeals decided these two claims on the merits. *State v. Redding*, 2019-Ohio-5302 ¶ 3 (Ohio App. 3d Dist. Dec. 23, 2019), appellate jurisdiction declined, 158 Ohio St.3d 1467 (2020).  The Magistrate Judge concluded the Third District's decision was an objectively reasonable application of the governing Supreme Court precedent, *Strickland v. Washington,* 466 U.S. 668 (1984), and recommended that this Court to defer to that decision as required by 28 U.S.C. § 2254(d)(1)(Report, ECF No. 7, PageID 238-39).

**Ground One:  Ineffective Assistance of Counsel: Failure to Object to Testimony of Prior Arrests**

In his First Ground for Relief, Petitioner complains that his attorney did not object to "evidence of prior criminal history.  Specifically, that the police had dealt with the Petitioner before and that he had been unruly and violent in those interactions." (Objections, ECF No. 12, PageID 248-49).  This language is quoted verbatim from the Petition (ECF No. 1, ¶ 18) and Petitioner offers no record references to the assertedly offending testimony.  (Compare the Order for Answer which requires record references in a specific form.  ECF No. 2, PageID 14.)

The Third District did not decide whether the character evidence was admissible or not.  Nor did it decide whether failure to object was deficient performance by trial counsel under *Strickland v. Washington,* 466 U.S. 668 (1984).  Instead, it went directly to the second prong of *Strickland* and determined Petitioner suffered no prejudice from counsel's failure

2

to object:

> {¶13} Even if we assume without deciding that the criminal-history and door-vandalism evidence was inadmissible, Redding's ineffective-assistance-of-trial-counsel argument fails because there is *no* reasonable probability that, but for the admission of that evidence, he would have been acquitted on the grounds that he acted in self-defense.

*State v. Redding, supra* (emphasis in original). The charge was felonious assault and Petitioner had admitted striking the victim with sufficient force to cause her serious bodily harm. Given that admission, he could not prevail on his only defense (self-defense) because the use of force sufficient to cause serious bodily harm negates the affirmative defense of self-defense under Ohio law. *Id.* at ¶¶ 20-21.

Petitioner does not object to the Report's conclusions that (1) *Strickland* is the governing precedent; (2) the Third District applied *Strickland*; (3) *Strickland* has two prongs, deficient performance and resulting prejudice; (4) if a decision on one of the prongs is dispositive, a court is not required to analyze both. Instead, Redding objects that "[r]easonable jurists could find that a series of prior, violent arrests did not meet the exceptions for allowing such character evidence into the trial." (ECF No. 12, PageID 249). The Court agrees; the prior arrests do not come within Ohio Revised Code § 2945.59 or the cognate Ohio R. Evid. 404(B). But that does not make the Third District's application of *Strickland* objectively unreasonable. That court did not decide the evidence of prior arrest was admissible, but that Redding suffered no prejudice from his counsel's failure to object. Redding's Objections completely bypass this point: he makes no argument to show that he could have won the case if this evidence had been excluded.

The Court agrees the Third District's decision was an objectively reasonable application of *Strickland*. Petitioner's Objections to the Report's conclusion on the First

3

Ground for Relief are overruled

> **Ground Two:  Ineffective Assistance of Counsel:  Failure to Object to Evidence that Defendant Scratched Profane Words into the Victim's Door**

In his Second Ground for Relief, Redding complains that his trial attorney did not object to testimony that he had scratched profane words into the victim's door.  Redding presented this claim as his Second Assignment of Error on direct appeal and the Third District combined its analysis of this claim with its analysis of the first claim.  It bypassed deciding whether the door inscription was admissible and whether it was deficient performance not to object.  Instead, it went directly to the second prong of *Strickland* and found no prejudice from counsel's failure to object. *State v. Redding, supra*, ¶ 13, quoted above.  As with the First Ground for Relief, the Magistrate Judge concluded this was an objectively reasonable application of *Strickland* and recommended Ground Two be dismissed on the merits. (Report, ECF No. 7, PageID 239).

In the Petition, Redding states his Second Ground as follows:

> 23. The Third District states that Petitioner cannot ever show prejudice by the inclusion of any evidence. Stated more plainly, it does not matter what evidence the state introduces because he would never be able to show he acted in self-defense. Following this analysis, if the state introduced the result of a polygraph test, and there was no objection, this would not be ineffective assistance. This is objectively unreasonable. There must be some evidence that if the state introduced it that it would trigger an ineffective assistance claim. A court cannot make an absolute statement and expect to escape scrutiny of the federal courts.

(Petition, ECF No. 1, PageID 10).  The Report concluded this was a misreading of the Third District's decision:  it was not making an absolute statement that there was no hypothetically imaginable evidence whose admission would have been prejudicial. (Report, ECF No. 7, PageID 238).  Instead, it was holding that the evidence complained of here, obscene scratching on the victim's door, was not prejudicial in the context of this case. *Id.*

4

Petitioner objects and insists on his reading of the Third District's decision. (Objections, ECF No. 12, PageID 249). He repeats his example of hypothetical admission of a polygraph test.

> Following this analysis, if the state introduced the result of a polygraph test, and there was no objection, this would not be ineffective assistance. This is objectively unreasonable. There must be some evidence that if the state introduced it that it would trigger an ineffective assistance claim. A court cannot make an absolute statement and expect to escape scrutiny of the federal courts.

*Id.*

The Court agrees with the Magistrate Judge: Petitioner has misread the Third District's decision. A fair reading of the Third District's decision is that it found admission of the evidence complained of – prior arrests and obscene scratching on the victim's door – the evidence actually allowed in this case without an objection by defense counsel, was not prejudicial. Federal habeas courts review state courts' decisions, not the language in which those decisions are couched. The Third District was not attempting to state an absolute principle of law that no evidence improperly admitted could ever be prejudicial but that the evidence admitted here without objection was not prejudicial.

Petitioner's Objections to the Report's conclusion on the Second Ground for Relief are overruled.

**Conclusion**

The Court concludes that the Third District Court of Appeals' decision in this case on Petitioner' two Assignments of Error was an objectively reasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984). Accordingly, the Report is adopted and Petitioner's Objections are overruled. The Clerk will enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this

5

conclusion, the Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

                                                    /s/ Sarah D. Morrison
                                                    Sarah D. Morrison
                                                    United States District Judge